991 F.2d 812
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anita ROJAS, Petitioner-Appellant,
v.
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellee.
 No. 92-5052.
 United States Court of Appeals, Federal Circuit.
 March 30, 1993.
 
 Before NEWMAN, PLAGER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 On January 31, 1991, Anita Rojas (Rojas) sought compensation under the provisions of the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to 300aa-34 (1988 & Supp. II 1990) (Vaccine Act) for vaccine-related injuries allegedly suffered as a result of a vaccination received prior to October 1, 1988, the effective date of the Vaccine Act. The petition was mistakenly filed in the United States District Court for the Southern District of Texas.[1] That court entered a voluntary dismissal on June 3, 1991, and Rojas refiled the petition with the United States Court of Federal Claims[2] on July 1, 1991. On October 7, 1991, the Special Master dismissed the petition as untimely, because it was filed after the February 1, 1991 deadline for such petitions.[3] 42 U.S.C. § 300aa-16(a)(1). When Rojas failed to timely file a motion for review with the Court of Federal Claims, the Clerk of that court entered judgment in accordance with the provisions of the Vaccine Act. See 42 U.S.C. § 300aa-12(e)(3). Rojas now appeals that judgment. We dismiss for lack of jurisdiction.
 
 DISCUSSION
 
 2
 Rojas argues that the Special Master erred in "fail[ing] to consider the savings provisions of 42 U.S.C.A. § 300aa-11(2)(B) and further that the doctrine of equitable tolling should apply." However, respondent Health and Human Services correctly notes that the threshold issue in this appeal is whether this court has jurisdiction to consider the merits of Rojas' appeal, in light of Rojas' failure to first obtain review of the Special Master's dismissal in the Court of Federal Claims.
 
 
 3
 Our jurisdiction over this appeal is a question of law, requiring interpretation of the provisions of the Vaccine Act. This court recently held in Grimes v. Secretary of the Department of Health and Human Services, No. 92-5067 (Fed.Cir. Mar. 15, 1993), that the Vaccine Act does not provide the Federal Circuit with direct appellate review of the decision of the Special Master--in other words, that the petitioner must first obtain review by a judge of the Court of Federal Claims before filing an appeal with the Federal Circuit. Rojas did not obtain review by a judge of the Court of Federal Claims prior to filing this appeal. The Special Master's decision was issued on October 7, 1991. Rojas then had thirty days in which to file a motion for review by the Court of Federal Claims, in accordance with § 300aa-12(e)(1).[4] Rojas' petition for review was received by the Clerk on November 7, 1991--just beyond the thirty day deadline for filing. However, the Clerk had already entered judgment in accordance with the Special Master's decision on November 6, 1991. See 42 U.S.C. § 300aa-12(e)(3).
 
 
 4
 As Grimes explains, when the "judgment" of § 300aa-12(e)(3) is entered in accordance with the decision of the Special Master, this court lacks jurisdiction to consider a petitioner's appeal of that judgment. Slip op. at 4. As the above recitation of facts demonstrates, that is Rojas' situation. For the purposes of 42 U.S.C. § 300aa-12(f), our jurisdictional inquiry begins and ends with what was filed during the thirty day period following the decision of the Special Master. Although it appears that Rojas attempted to obtain review by a judge of the Court of Federal Claims, the necessary papers did not arrive at the Clerk's office within the critical thirty-day time limit. As Grimes makes clear, "[t]he Act sets a strict thirty-day time limit within which a party must appeal to the Court of Federal Claims." Slip op. at 4 (emphasis added). Further, "[i]f a party does not comply with the thirty-day limit, the clerk's entry of judgment ends the matter." Id. at 5. Thus, Rojas' untimely motion for review cannot suffice to confer jurisdiction over this appeal.
 
 
 5
 Accordingly, the appeal is dismissed for lack of jurisdiction.
 
 
 
 [1]
 The petition filed in Texas specified that it sought compensation under the Vaccine Act, was erroneously captioned "In the United States Claims Court for the Southern District of Texas" and specifically requested that the Clerk of the court "immediately forward the petition to the chief special master...."
 
 
 [2]
 The Federal Courts Administration Act of 1992, Pub.L. No. 102-572, § 902(a), 106 Stat. 4506, 4516 (1992), changed the name of the United States Claims Court to the United States Court of Federal Claims
 
 
 [3]
 28 months after the effective date, 42 U.S.C. § 300aa-16(a)(1)
 
 
 [4]
 A petition is deemed "filed" when "actually received and marked filed by the Clerk, not when mailed." Vaccine Rule 17(a)